IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HI-LAD, INC.,

          Plaintiff,

v.                                    CIVIL ACTION NO.  2:23-cv-00228

JAMES E. COLOMBO, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss* (Document 5), the *Defendants' Memorandum of Law in Support of the Motion to Dismiss* (Document 6), the *Response of the Plaintiff, Hi-Lad, Inc. to the Defendants' Motion to Dismiss* (Document 9), the *Defendants' Reply to Plaintiff's Motion to Dismiss* (Document 10), the *Complaint* (Document 1-1), and the attached exhibits. For the reasons stated herein, the Court finds the Defendants' motion should be granted.

**RELEVANT BACKGROUND**

On February 27, 2023, Hi-Lad, Inc., initiated this action by filing the Complaint in the Circuit Court of Wood County, West Virginia. In it, the Plaintiff named James Colombo, Robert Tebay, David Couch, and the County Commission of Wood County, West Virginia, as Defendants. The individual Defendants were, at the time relevant to this action, duly elected county commissioners for Wood County, West Virginia. On March 23, 2023, the Defendants removed the action to this Court. In the Complaint, the Plaintiff alleges the following:[1]

---

[1] For the purpose of this motion to dismiss, the Court accepts the factual allegations contained in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

On or about January 27, 2021,[2] the Plaintiff applied to the Wood County Commission to establish a video lottery business in Williamstown, West Virginia.  This application was denied.  In response, the Plaintiff requested a variance on or about February 11, 2021, and the variance was granted that same day by the Defendants.  Less than a month after approval of the variance, on March 8, 2021, the Defendants rescinded the variance granted to the Plaintiff.  During the time between the granting and rescission of the variance, the Plaintiff expended time and money to construct and prepare its video lottery business.  Additionally, without the variance, the Plaintiff did not receive the income expected to be generated by the video lottery business.

Allegedly, the Defendants have granted variances to other similar video lottery entities "arbitrarily and capriciously."  (Compl. at ¶12.)  The Plaintiff states that the rescission of the variance "constituted the official policy" of the Defendant Commission and was done "without legal authority."  (*Id.* at ¶¶ 11, 13.)  Therefore, the Plaintiff argues that it was deprived of its property rights without due process of law.

The Complaint contains no enumerated counts but alleges that it is filed pursuant to 42 U.S.C. § 1983.  The Plaintiff requests an award of compensatory damages, attorney's fees, costs, and further relief as the case may require.

## LEGAL STANDARD

The Defendants argue that dismissal is appropriate under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  A motion to dismiss filed pursuant to Federal Rule of

---

[2]  The Complaint states that the Plaintiff applied on "July 27, 2021" but if this date is used, the Plaintiff's corresponding timeline would not follow sequentially.  The Plaintiff states in the Complaint that the application is attached as Exhibit A.  The Defendants indicate that no exhibits were attached to the Complaint.  The Court located a copy of the application from the Wood County Commission's archived minutes at https://woodcountywv.com/county-offices/commission/archived-minutes-and-agenda (last visited May 16, 2023).  In the archived minutes for the Commission's February 11, 2021 meeting, a copy of the subject application is attached, signed on January 27, 2023.

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

3

do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants argue that the Plaintiff has failed to state a claim under 42 U.S.C. § 1983, and, alternatively, that the individual Defendants are shielded by qualified immunity. "Only two . . . allegations are required to state a cause of action under [§ 1983]." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The plaintiff "must allege that some person has deprived him of a federal right [and] [s]econd, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Id.*; see also *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986).

The Plaintiff claims that the Defendants' conduct violated its Fourteenth Amendment rights.[3] The Fourteenth Amendment provides that a State may not deprive "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Specifically, the Plaintiff argues that the Defendants have deprived it of its property—the variance.

Although the Due Process Clause protects property, property interests stem from elsewhere, namely "from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Possession of a property interest requires one to have "more than an abstract need or desire for it ... [or] a unilateral expectation of it," and "must, instead, have a legitimate claim of entitlement to it." *Id.*

The Defendants urge that *Gardner v. City of Baltimore Mayor and City Council* dictates that the Plaintiff lacks a property interest in the variance. 969 F.2d 63, 68 (4th Cir. 1992). *Gardner* states that in the land-use context, a property holder has a property interest in a permit or approval when "the local agency lacks all discretion to deny issuance of the permit or to withhold its approval." *Id.* "Any significant discretion conferred upon the local agency defeats the claim of a property interest." *Id.* However, the issue here is not the *issuance* or withholding of approval, but rather, the *revocation* of prior approval.[4]

The Plaintiff's arguments also fail to establish any legal support for the proposition that it has a property interest in the revoked variance. The Plaintiff, without citing any authority for the point, states that "a property interest in favor of the Plaintiff was created when the Defendants issued him a variance to operate his video lottery establishment." (Pl. Resp. at 5.)

---

[3] In its response, the Plaintiff argues that 42 U.S.C. § 1983 protects its rights under the Due Process Clause embodied within Article 3, § 10 of the West Virginia Constitution. However, 42 U.S.C. § 1983 is a vehicle to vindicate *federal* rights, not rights within state constitutions. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988).
[4] "Due Process was denied [to] the Plaintiff when the variance was arbitrarily revoked." (Pl. Resp. at 5.)

If the Court assumes a property interest in the variance, the Plaintiff was entitled to due process prior to its revocation. "Due process contains both substantive and procedural components. Procedural due process prevents mistaken or unjust deprivation, while substantive due process prohibits certain actions regardless of procedural fairness." *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 145 (4th Cir. 2014) (citing *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990); *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). A procedural due process violation arises not upon the occurrence of a deprivation but rather the failure of due process in connection with the deprivation. *Snider Int'l Corp.* 739 F.3d at 149.

Here, the Plaintiff fails to plausibly allege a failure of due process in connection with the rescission of the variance. The Complaint contains two relevant allegations, (1) that the Defendants' rescission of the variance was "without legal authority" and (2) that the Defendants have "arbitrarily and capriciously" granted variances to other entities. (Compl. at ¶¶ 11, 12.) The claim that the Defendants rescinded the variance "without legal authority" is a "naked assertion[] devoid of further factual enhancements," which is to be disregarded under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). The claim that the Defendants arbitrarily granted variances to others has little bearing on the due process inquiry because land use and zoning "is an inherently discretionary system" and "allowing every allegedly arbitrary denial by a town or city of a local license or permit to be challenged under § 1983 would swell our already overburdened federal court system beyond capacity." *Gardner*, 969 F.2d at 67–68. More importantly, alleging that the Defendants *arbitrarily granted* variances for *others* has little impact on the type of process used to *revoke* the

Plaintiff's variance. Together, these two "relevant" allegations are not sufficient to plausibly establish a deprivation of procedural due process.

To establish a violation of substantive due process, the Plaintiff must "demonstrate (1) that they had property or a property interest; (2) that the state deprived them of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 827 (4th Cir.1995). Such a violation, in the context of zoning, requires that it "be clear that the state's action has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense." *MLC Automotive, LLC v. Town of S. Pines*, 532 F.3d 269, 281 (4th Cir. 2008) (quoting *Nectow v. City of Cambridge*, 277 U.S. 183, 187–88 (1928)) (internal quotation marks omitted).

Again, as with procedural due process, even if the Court assumes a property interest, the Plaintiff has failed to allege sufficient facts to plausibly show that the Defendants acted "far beyond the outer limits of legitimate governmental action" or that rescinding the variance had "no foundation in reason." It is not enough to merely allege that the Defendants acted "without legal authority" or that others have "arbitrarily" received variances. The Plaintiff has not plausibly established that the Defendants have deprived it of its Fourteenth Amendment rights as alleged in the Complaint.[5]

---

[5] With dismissal for failure to state a claim being appropriate, the Court need not reach the Defendants' arguments regarding qualified immunity.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss* (Document 5) be **GRANTED** and that this action be dismissed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 23, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA